MICHAEL W. MALTER, #96533
JULIE H. ROME-BANKS, #142364
KRISTINA A. PARSON, #257840
Binder & Malter, LLP
2775 Park Avenue
Santa Clara, CA 95050
Telephone: (408)295-1700
Facsimile: (408) 295-1531
Email: kristina@bindermalter.com

Attorney for secured creditor
DAN OSTRANDER, Trustee of
THE OSTRANDER REVOCABLE TRUST

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, DIVISION

| | |
|---|---|
| In Re<br><br>Richard Steven Louie and Stephanie Yinman Chan,<br><br>Debtors. | Case No. 11-54357 SLJ7<br><br>MWM-127<br><br>Chapter 7<br><br>Date: June 28, 2011<br>Time: 9:30 a.m.<br>Place: Courtroom 3099<br>280 South First Street<br>San Jose, CA 95113 |

**MOTION FOR RELIEF FROM STAY**
(11 U.S.C. §362(d)(1), (2))

TO DEBTORS RICHARD STEVEN LOUIE and STEPHANI YINMAN CHAN:

Secured claimant, Dan Ostrander, as Trustee of The Ostrander Revocable Trust, (the "Movant") hereby moves the Court for an order granting him relief from the automatic stay to immediately record notice of default as to the real and personal property interests of Debtors Richard Steven Louie and Stephanie Yinman Chan ("Debtors") in and at the real property located at 720 W. 2nd Avenue, Chico, California (the "Subject Property") and then to exercise all further rights and remedies under state law to foreclose his interest therein.

MOTION FOR RELIEF FROM STAY PAGE 1

Case 11-54357 Doc# 14 Filed: 06/14/11 Entered: 06/14/11 12:43:44 Page 1 of 5

The basis for the requested relief is two-fold: first, there is no equity in the Subject Property to benefit the Debtors or the estate. Second, Movant's interest is not protected by an adequate equity cushion and there are substantial pre-petition payments owed for property taxes which continue to incur interest and penalties.

The Movant respectfully represents as follows in support of this Motion:

1. The Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 5, 2011 (the "Petition Date").

2. On or about January 15, 2003, Debtor's executed an Installment Note in the original principal amount of $1,185,000 in exchange for a loan from Butte Creek Investment Corporation ("Butte Creek"). The Installment Note was secured by a Short Form Deed of Trust and Assignment of Rents ("Deed of Trust and Assignment of Rents") on the Subject Property recorded on March 4, 2003 in Butte County. Fidelity National Title Insurance Company is the trustee under the Deed of Trust. The Installment Note obligated Debtors to pay Butte Creek $1,185,000 in monthly installments of $7,406 which represented interest only payments until April 1, 2018 ("Installment Note"). True and correct copies of the Installment Note and Deed of Trust and Assignment of Rents are attached as Exhibits "A" and "B" respectively, to the Declaration of Daniel Ostrander filed concurrently herewith and are incorporated herein by reference.

3. On April 30, 2003, Butte Creek assigned an undivided 15% of its interest in the Deed of Trust and Assignment of Rents to Daniel Ostrander ("Assignment of Deed of Trust") recorded on May 1, 2003 in Butte County. A true and correct copy of the Assignment of Deed of Trust is attached as Exhibit "C" to the Declaration of Daniel Ostrander filed concurrently herewith and is incorporated herein by reference. Butte Creek was involved to facilitate an Internal Revenue Code §1031 tax exchange.

4. No Internal Revenue Code §1031 tax exchange occurred and on October 1, 2003, Butte Creek assigned its remaining undivided 85% interest in the Deed of Trust and Assignment of Rents to Daniel Ostrander ("Second Assignment of Deed of Trust")

recorded on October 3, 2003. The Second Assignment of Deed of Trust effectively assigned all of Butte Creek's interest in the Subject Property to Movant. A true and correct copy of the Second Assignment of Deed of Trust is attached as Exhibit "D" to the Declaration of Daniel Ostrander filed concurrently herewith and is incorporated herein by reference.

5. On March 6, 2008, Daniel Ostrander assigned his interest in the Subject Property to Movant ("Third Assignment of Deed of Trust") recorded on March 14, 2008 in Butte County. A true and correct copy of the Third Assignment of Deed of Trust is attached as Exhibit "E" to the Declaration of Daniel Ostrander filed concurrently herewith and is incorporated herein by reference.

6. The Installment Note expressly provides that on or before January 15th of each year, Debtors shall provide the holder of the note with proof that property taxes have been paid for the previous year.

7. Movant is the property manager for the Subject Property. Pursuant to the terms of the Deed of Trust and Assignment of Rents, Movant collects the rents received from the property and withholds the equivalent of the monthly installment due under the terms of the Installment Note.

8. Movant sent Debtors proceeds from the rents to cover the majority of the property taxes due for the Subject Property. It was Movant's belief that Debtors were using the funds provided to keep the property taxes current for the Subject Property.

9. Paragraph 4 of the Deed of Trust requires the Debtors to pay, satisfy and discharge all general and special taxes affecting the Subject Property before such taxes become delinquent. Paragraph 4 of the Deed of Trust permits Movants to make any such payment that the Debtors fail to make.

10. Prior to the Petition Date, the Debtor failed to pay Butte County real property taxes assessed against the Subject Property as and when due. On May 24, 2011, after being notified of the Debtor's bankruptcy filing, Movant learned that the Debtors have not been paying the property taxes for the Subject Property. The

defaulted tax balance is now $41,525.43. A true and correct copy of the Butte County Tax Collector's accounting of the delinquent tax debt in the amount of $41,525.43 is attached as Exhibit "F" to the Declaration of Daniel Ostrander filed concurrently herewith and incorporated herein by reference.

11. The Butte County Tax Collector refused to allow Movant to work out a payment plan for the delinquent taxes unless Movant paid the current years taxes, which were delinquent. Movant paid the taxes due for 2010, including the penalties that were assessed. True and correct copies of the bill for the 2010 property taxes for the Subject Property, evidence of Movants payment and evidence of the County's receipt of said payment are attached as Exhibit "G" to the Declaration of Daniel Ostrander filed concurrently herewith and incorporated herein by reference.

12. The Debtors schedules value the Subject Property at $800,000. A true and correct copy of the Debtor's Schedule A is attached to the Declaration of Dan Ostrander filed in Support of the Motion for Relief from Stay as Exhibit "H". The outstanding balance on the Installment Note is $1,185,000. The outstanding property tax debt owed to Butte County is $41,525.43. Accordingly, the Debtors do not have any equity in the subject property and Movant's interest is not protected by an adequate equity cushion.

13. The Debtors failure to pay the property taxes as and when due creates a lien for the benefit of Butte County which continues to incur interest and penalties. This diminishes the properties value.

14. The Debtor did not file a Statement of Intention indicating an intent to cure the delinquent tax debt and retain the Subject Property.

/ /

/ /

/ /

/ /

/ /

WHEREFORE, the Movant respectfully requests that the Court enter an order GRANTING relief from the automatic stay of 11 U.S.C. §362 to permit Movant to immediatly record notice of default as to the real and personal property interests of the Debtor as to the Subject Property and then to exercise all further rights and remedies under state law to foreclose their interests in said property.  Additionally, Movant respectfully requests a waiver of the 14 day stay provided by Tule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

Dated: June 13, 2011          BINDER & MALTER, LLP

By:   /s/ Michael W. Malter
      Michael W. Malter
      Attorney for Secured Creditor
      Dan Ostrander